[No. 13839. Department One. August 17, 1917.]

Louis Hensen, *Appellant*, v. W. H. Peter, *Respondent.*[1]

Appeal from an order of the superior court for King county, Jurey, J., entered September 27, 1916, denying confirmation of an execution sale, upon sustaining objections thereto. Reversed.

*McBurney & O'Connor*, for appellant.
*Cochran & Plummer* and *Van Dyke & Thomas*, for respondent.

## On Petition for Rehearing.

Per Curiam.—Respondent has filed a petition for a rehearing *En Banc* of this case, and suggests that, in the event his petition should be denied, the court should fix a reasonable time, not less than thirty days, within which respondent may redeem the property affected by this litigation, by paying to appellant the amount of the judgment, with interest and costs. Our attention is directed to the fact that, during the pendency of the case in this court and prior to the filing of the opinion, the period of redemption provided by Rem. Code, § 594, expired, the time limited by that statute beginning to run from the date of the execution sale.

We have again considered the question presented by this appeal and are satisfied with the opinion heretofore filed in the case and reported in 95 Wash. 628, 164 Pac. 512. The appeal was prosecuted from an order of the superior court denying appellant's motion for confirmation of an execution sale of real property. The right of the respondent to redeem the property from the sale, in the event the judgment of the lower court should be reversed, is not presented by the record, and therefore is not properly before the court for consideration. Respondent's remedy, if any, is by application to the superior court.

The petition is denied.

[1]Reported in 166 Pac. 1119.